
FILED
AUG 15 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DONALD LYNN ALLRED, | Cause No. CV 13-171-M-DWM-JCL |
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| COMMANDER SMITH, Flathead County Detention Center, | |
| Respondent. | |

On August 15, 2013, Petitioner Donald Allred filed this action seeking a writ of habeas corpus. Allred is a state pretrial detainee proceeding pro se.[1]

Allred has not shown he cannot afford to pay the $5.00 filing fee for a habeas petition, but there is no need to delay resolution of this matter on that basis. Counsel

---

[1] Allred completed the form used by state prisoners to file a habeas petition in the Montana Supreme Court, not in this Court.

1

was appointed on his behalf in the state proceedings. For present purposes, at least, that will suffice.

In his petition, Allred checked a box corresponding to the statement, "I am being held in jail and I believe my bail is excessive." Pet. (doc. 1) at 2. Neither the petition nor the five-page brief he filed in support allege the important facts, such as the amount of his bail. Further, as he is charged with bail-jumping, *see* Information (doc. 1-1), there appears to be a reasonable basis for denying bail. Assuming, as he says, he is not the person who missed his jury trial on April 29, 2013, that is a claim he must press in the criminal proceedings. A mistake as to his identity would not make his bail excessive. Allred's purported claim regarding bail should be dismissed.

Allred's brief sets forth many complaints about his attorneys. As he acknowledges, *see* Brief (doc. 2) at 5, complaints of ineffective assistance of counsel require an assessment of prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). As to the claims Allred makes, however, *Strickland* prejudice can only be assessed if and when Allred is convicted. All of these claims should be dismissed.

Additionally, before Allred may proceed in this Court, he must exhaust his state judicial remedies by presenting his claims in state court at the time and in the manner prescribed by state law – including appeal to the Montana Supreme Court. *E.g., Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Allred's petition is premature and should be dismissed. Because the merits of his claims have not been addressed, Allred will not be prejudiced by dismissal of his habeas petition at this time. 28 U.S.C. § 2244(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A certificate of appealability is not warranted. The petition fails to make any showing whatever that Allred has been prejudiced by his counsel's alleged ineffectiveness in any way that is legally cognizable at this time. 28 U.S.C. § 2253(c)(2). Reasonable jurists would find no basis for further federal proceedings at this time.

Based on the foregoing, the Court enters the following:

**ORDER**

Allred is GRANTED filing in forma pauperis. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Allred may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Allred files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Allred from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Allred must immediately inform the Court and opposing counsel of any change in his mailing address. Failure to do so may result in dismissal of this case without

4

notice to him.

DATED this 15th day of August, 2013.

Jeremiah C. Lynch
United States Magistrate Judge